```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
UNITED STATES OF AMERICA,               :
                                        :
             -v-                        :    87 Cr. 593 (JSR)
                                        :
JORGE TORRES and VICTOR TORRES,         :    MEMORANDUM ORDER
                                        :
             Defendants.                :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

On February 18, 2009, defendants Jorge and Victor Torres moved to correct their sentences pursuant to Rule 35 of the Federal Rules of Criminal Procedure.  The Court initially dismissed the motion as untimely, but thereafter, on defendants' motion for reconsideration, agreed that the motion was not untimely and should be considered on its merits.  See Order dated April 20, 2009.  Having now carefully considered the motion on the merits, the Court declines to alter defendants' sentences and hereby denies this motion.

Defendants were originally indicted on July 9, 1987 for their roles in a heroin distribution conspiracy.  On January 21, 1988, a superseding indictment was returned against defendants and sixteen other individuals.  Following trial, a jury convicted the instant defendants of, inter alia, conducting a continuing criminal enterprise in violation of subsections (a) and (b) of 21 U.S.C. § 848.  This latter subsection, referred to as the "super kingpin" statute, mandated a sentence of life without parole, and the District Court then hearing the case (the Honorable John M. Walker, Jr.) sentenced defendants to such terms on September 14, 1988.  Thereafter, defendants appealed on various grounds.  The Second

Circuit reversed defendants' convictions under 21 U.S.C. § 848(b) because of improper jury instructions and remanded the case for resentencing under 21 U.S.C. § 848(a), which permitted (but did not require) a sentence of up to life imprisonment.  United States v. Torres, 901 F.2d 205, 224 (2d Cir. 1990).[1]  On remand, the Court again imposed sentences of life imprisonment without parole, and the Second Circuit affirmed.  United States v. Torres, 941 F.2d 124, 125 (2d Cir. 1991).

In this latest challenge to their sentences, brought under the version of Rule 35 of the Federal Rules of Civil Procedure applicable to their offense ("old Rule 35(a)"), defendants contend that their sentences of life imprisonment without parole are illegal.  The crux of their claim is that the Court erred by failing to sentence defendants under the U.S. Sentencing Guidelines (the "Guidelines") as, they argue, the law then required.

Under old Rule 35(a), a failure to impose a Guidelines sentence when the law so required rendered a sentence illegal, United States v. Story, 891 F.2d 988, 991 (2d Cir. 1989), and hence subject to correction "at any time," Fed. R. Crim. P. 35(a) (1985).  Defendants argue that such a failure occurred here.  Because the Guidelines applied "'only to offenses committed after' the November 1, 1987, effective date," Story, 891 F.2d at 991 (quoting Sentencing

---

[1] The court of appeals affirmed defendants' convictions on all other counts, for which they were each sentenced to a total of 100 years' imprisonment.  Torres, 901 F.2d at 246-47.

Act of 1987, Pub. L. No. 100-182, § 2(a), 101 Stat. 1266), defendants' challenge turns on whether the offenses for which they were convicted should be treated as occurring after the November 1, 1987 effective date of the Guidelines.

It is clear that continuing offenses that began before November 1, 1987 but that were completed after that date -- so-called "straddle offenses" -- must be sentenced under the Guidelines. Id. at 991-96. In an effort to characterize their convictions as straddle offenses, defendants note that the superseding indictment, which was filed on January 21, 1988, charged defendants with violations of 21 U.S.C. § 848(a) "[f]rom early 1983 up to and including the date of the filing of this Indictment." See Superseding Indictment, Counts Two & Three. The time period specified in the indictment, however, does not necessarily compel the conclusion that defendants were convicted of straddle offenses. In circumstances where the indictment charges conduct that extended beyond November 1, 1987, district courts may nonetheless "conclude that defendant's participation in the charged offense ceased before the time period alleged in the indictment had elapsed," because the question of whether a conspiracy continued beyond the effective date of the Guidelines is "a 'sentencing factor' to be determined by a judge." United States v. Bloom, 945 F.2d 14, 17 (2d Cir. 1991).[2]

---

[2] Because defendants' statutory maximum sentence under 21 U.S.C. § 848(a) was life imprisonment without parole, regardless of whether the Guidelines applied, the judicial determination of whether defendants' conduct constituted "straddle offenses" does not raise concerns under Apprendi v. New Jersey, 530 U.S. 466

3

"Implicit in this holding is the conclusion that a court will determine whether an offense is a straddle crime by considering facts adduced at trial or during an allocution, rather than by mechanically viewing the charge." Id.

Defendants -- who, in several previous challenges to their sentences, never argued that their sentences should have been imposed under the Guidelines -- are unable to point to any evidence in the record of criminal conduct occurring beyond November 1, 1987. This is because the conspiracy was brought to an end by the arrest of these defendants and other conspirators on June 24, 1987, an event which, as the Second Circuit noted, "effectively terminated the operations of the Torres Organization." Torres, 901 F.2d at 214; see also id. at 246 ("we note that this is a pre-Sentencing Guidelines case"); United States v. Torres, 683 F. Supp. 56, 62 n.9 (S.D.N.Y. 1988) (order disposing of pretrial motions) ("The [initial] indictment alleges that the enterprise functioned up to the filing of the first indictment on July 9, 1987. As a practical matter, however, defendants' conduct ceased at the time of their arrests on June 24, 1987.").

Although, as noted, the superseding indictment -- filed on January 21, 1988 -- contained language generically charging offenses continuing up to the filing of the indictment, an indictment is not itself evidence of anything, and neither in the indictment itself nor

---

(2000). See United States v. Thomas, 274 F.3d 655, 664 (2d Cir. 2001) ("The constitutional rule of Apprendi does not apply where the sentence imposed is not greater than the prescribed statutory maximum for the offense of conviction.").

4

in the subsequent trial were any facts alleged suggesting that the conspiracy continued post-arrest.  In an effort to overcome this shortcoming, defendants now allege that other co-conspirators took over the distribution ring following defendants' arrest and continued its operation.  But, quite aside from the fact that this resort to evidence outside the record is improper in this context,[3] it is also unpersuasive since it rests, not on any direct evidence that others took over the conspiracy, but, exclusively, on extended, speculative inferences that the Court finds meritless and that could not possibly have proved persuasive even if actually raised at the time of the sentence.  Accordingly, there is no evidentiary basis to disturb the previous sentence.[4]

---

[3] The Second Circuit has instructed that the district court's findings as to "straddle offenses" are to be based on "facts adduced at trial or during an allocution."  Bloom, 945 F.2d at 17; see also United States v. Bakker, 925 F.2d 728, 739 (4th Cir. 1991) ("To determine if a conspiracy was [a straddle offense] we examine whether the government introduced evidence at trial of a member of the conspiracy acting to further it after November 1, 1987.").  Resort to evidence outside the trial record is particularly inappropriate in the context of old Rule 35(a), which has been treated as "limit[ing] the inquiry to the record." Semet v. United States, 422 F.2d 1269, 1271 (10th Cir. 1970); accord Petro v. United States, 368 F.2d 807, 808 (6th Cir. 1966) (per curiam) ("It is not contemplated in [an old Rule 35(a)] proceeding to go outside the record to entertain a collateral attack upon the sentence.").  Thus, the Seventh Circuit has specifically held that a government motion under old Rule 35(a) was not an appropriate vehicle to make a new factual finding as to whether a conspiracy was a "straddle offense," even if such a finding could be reached "based solely upon old evidence." United States v. Corbitt, 13 F.3d 207, 212-14, 214 n.12 (7th Cir. 1993).

[4] The Court notes that old Rule 35(a) applies to offenses occurring prior to November 1, 1987, see United States v. Lika, 344 F.3d 150, 152 n.2 (2d Cir. 2003) (per curiam), but not to "straddle" conspiracy offenses found to have been completed after

The other challenges raised in defendants' motion are likewise lacking in merit.  Defendants claim a constitutional right to a Guidelines sentence arising from the peculiar legislative history of the Guidelines' effective date provision.  Although the Sentencing Reform Act of 1984, as amended in 1985 and 1986, provided that the Guidelines "shall not go into effect" until November 1, 1987, this legislation did not clarify whether the Guidelines were to apply to offenses that were committed before November 1, 1987 but for which sentencing occurred after that date.  See Story, 891 F.2d at 991 (citing legislative history).  It was not until December 7, 1987 that -- for the purpose of avoiding any retroactive application of the Guidelines in violation of the Ex Post Facto Clause -- Congress passed an amendment (the "1987 Amendment") expressly stating that the Guidelines "shall apply only to offenses committed after" the effective date.  Id. at 991, 994-95.

---

that date, see United States v. Rivera, 376 F.3d 86, 92 (2d Cir. 2004) ("Nor do we se any error in the court's factual determination that the conspiracy continued beyond November 1, 1987, which made the 1988 version of Rule 35 applicable.").  The superseding version of Rule 35(a), which would apply if defendants' offense were deemed to have continued beyond that effective date, in relevant part permits correction only of "a sentence that is determined on appeal under 18 U.S.C. 3742 to have been imposed in violation of law . . . upon remand of the case to the court," Fed. R. Crim. P. 35(a) (1988) -- a circumstance that is not applicable here.  Because the record does not support a finding that defendants were convicted of a straddle offense, there is no need for the Court to confront the question of whether defendants can, "out of one side of [their] mouth[s], claim that [their] conspiracy continued beyond November 1, 1987, while, out of the other, seek resentencing under the authority of a Rule dedicated to offenses committed prior to that date."  Corbitt, 13 F.3d at 211.

Given this background, defendants contend that the 1987 Amendment should not be applied "retroactively" to permit pre-Guidelines sentences for offenses that were committed before November 1, 1987 but for which sentencing took place after that effective date.  This argument, however, runs counter to the Second Circuit's unqualified holding that the Guidelines "apply 'only to offenses committed after' November 1, 1987."  Story, 891 F.2d at 992-93.  Although Story did not expressly resolve defendants' contentions regarding the operation of the 1987 Amendment, it discerned a Congressional purpose of avoiding ex post facto problems that could arise from applying the Guidelines to offenses committed before the effective date, see id. at 993-94, and indicated that it would interpret the Sentencing Act to incorporate such a limitation, even absent the 1987 Amendment, in order to avoid these constitutional concerns, see id. at 995.  The other circuits that have reached this question have similarly concluded that the Sentencing Reform Act does not apply to offenses committed before the effective date.  See United States v. Sussman, 900 F.2d 22, 23 (3d Cir. 1990); United States v. Stewart, 865 F.2d 115, 116-18 (7th Cir. 1988); United States v. Haines, 855 F.2d 199, 200-01 (5th Cir. 1988); United States v. Rewald, 835 F.2d 215, 216 (9th Cir. 1988).

Thus, because the Sentencing Reform Act would not apply to offenses committed before its effective date even if the 1987 Amendment had never been enacted, defendants' argument that the amendment was improperly given retroactive application is beside the point.  Also flawed is their contention that their pre-Guidelines

7

sentences were imposed in violation of their constitutional rights. For a sentencing-related enactment to violate the Ex Post Facto clause, it must "change[] the legal consequences of acts completed before its effective date." Miller v. Florida, 482 U.S. 423, 430 (1987) (internal quotation marks omitted). Because defendants here never had any entitlement to a Guidelines sentence, the 1987 Amendment could not and did not retroactively impose a more onerous punishment for their conduct, and its application therefore raises no Ex Post Facto Clause concern. See, e.g., Bledsoe v. United States, 384 F.3d 1232, 1238 (10th Cir. 2004) (joining "many federal courts of appeal in holding that the 1987 amendment as applied to prisoners who committed crimes prior to the Sentencing Reform Act's enactment does not violate the Ex Post Facto clause"). Similarly, as the Guidelines were never applicable to defendants' conduct, defendants lack a constitutionally protected liberty interest in a determinate sentence.

Defendants also claim that they were denied effective assistance of counsel, primarily because of their counsel's failure to argue for a Guidelines sentence. The Court notes at the outset that this challenge is not properly presented in an old Rule 35(a) motion. See Hill v. United States, 368 U.S. 424, 430 (1962) ("[T]he narrow function of Rule 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence," including errors in the sentencing proceeding itself); accord Charles Alan Wright et al., 3 Federal Practice & Procedure § 582 (2009) ("Unlike §

8

2255, [old] Rule 35 was not a means of collateral attack upon the proceedings that precede the sentence."). In any event, as discussed above, defendants have no entitlement to a Guidelines sentence, so their counsel's failure to argue for such a sentence cannot amount to ineffective assistance.

Finally, defendants' motion may be taken to challenge the sentencing court's exercise of discretion in imposing pre-Guidelines sentences of life imprisonment without parole. These sentences were imposed based on Judge Walker's consideration of all relevant evidence presented at trial, the original sentencing, and the resentencing. Furthermore, the sentences were then affirmed by the Second Circuit and left undisturbed despite defendants' previous Rule 35(a) motion, filed in 1992, that sought reduced sentences based on post-conviction rehabilitation. The Court reaffirms that the previously imposed sentences were a proper exercise of the Court's ample discretion under pre-Guidelines law and hereby declines to modify them in any respect.

In sum, defendants' motion is denied on the merits in its entirety. The Clerk of the Court is directed to close document #504 on the docket of this case.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       December 28, 2009

9